IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERMAN MENDOZA, individually and on behalf of other persons similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SAGE SOFTWARE, INC., <br><br> Defendant. | Case No. 1:23-cv-14316 <br><br> (Removed from the Circuit Court of Cook County, Illinois, County Department, Chancery Division – Case No: 2023CH07782) |

## NOTICE OF REMOVAL

Defendant Sage Software, Inc. ("Defendant") hereby removes the above-captioned action, which is currently pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division. This removal is based upon diversity jurisdiction and jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of its Notice of Removal, Defendant states the following:

### The State Court Action

1. On August 28, 2023, Plaintiff German Mendoza ("Plaintiff") filed a putative class action lawsuit in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, titled *German Mendoza, on behalf of himself and other persons similarly situated,* Case No. 2023CH07782 (the "Action").

2. Defendant was served with a copy of the Summons and Complaint on August 31, 2023. This was Defendant's first formal notice of the Action. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the State Court File, including Summons and Complaint served

on Defendant is attached as **Exhibit A** ("Compl."). No other process, pleadings or orders have been served on Defendant in this matter.

3. This Notice of Removal is timely filed within 30 days of Defendant's receipt of service of the Complaint as permitted by 28 U.S.C. § 1446(b).

4. Plaintiff brings his Complaint on behalf of a proposed class of all persons who allegedly had their fingerprints, handprints, or faceprints collected, captured, stored, transmitted, disseminated, or otherwise used by or on behalf of Defendant within the State of Illinois during the applicable limitations period. (Compl., ¶ 28).

5. Plaintiff alleges that Defendant committed at least four (4) violations of the Biometric Information Privacy Act ("BIPA" or the "Act"), 740 ILCS 14, as to Plaintiff and the Class, enumerated as follows:

- Capturing or collecting fingerprints and/or hand geometry scans and personal identifying information based on the same without first informing them in writing of the purpose of the collection and length of time for retention of the information in violation of 740 ILCS 14/15(b) (Count I);

- Capturing or collecting fingerprints and/or hand geometry scans and personal identifying information based on the same without first obtaining written consent for the collection in violation of 740 ILCS 14/15(b) (Count I);

- Failing to create and follow a written policy, made available to the public, establishing a retention schedule and destruction guidelines for possession of biometric information and hand geometry scans in violation of 740 ILCS 14/15(a) (Count II); and

- Disclosing or otherwise disseminated fingerprints, hand geometry scans, and personal identifying information based on the same without first obtaining written consent for that disclosure or dissemination in violation of 740 ILCS 14/15(d) (Count III).

(*Id.*, ¶¶ 35-56).

6.	As to Plaintiff, Plaintiff asserts Defendant violated BIPA "[e]ach time [he] scanned his fingerprint into Defendant's timeclock[.]" (*Id.*, ¶¶ 25-26).

7.	Plaintiff alleges Defendant violated BIPA with regard to "at least hundreds of individuals." (*Id.*, ¶ 29).

8.	Plaintiff seeks liquidated damages or actual damages, whichever is higher, for each violation of the Act. (*Id.*, Counts I-III, Prayer for Relief). Plaintiff also seeks punitive damages, reasonable attorneys' fees and costs of this action, and pre- and -post judgment interest). (*Id.*, Prayer for Relief).

## Jurisdiction and Venue

9.	Because the Circuit Court of Cook County, Illinois, County Department, Chancery Division lies in the Eastern Division of the Northern District of Illinois, this Court is the appropriate venue for removal. See 28 U.S.C. §§ 93(a)(1), 1441(a), and 1446(a).

10.	Based on the following, this Court has original jurisdiction over this Action pursuant to 28 U.S.C. §§ 1332(a)(1) and 1332(d) because it is a civil action between citizens of different states and the amount in controversy with regard to Plaintiff exceeds $75,000 for the Class members in the aggregate exceeds $5,000,000.[1]

### Diversity Jurisdiction

11.	The federal courts have original jurisdiction over actions such as this one by virtue of the diversity jurisdiction granted by 28 U.S.C. § 1332(a)(1).

### *Diversity of Citizenship*

12.	The parties are citizens of different states.

---

[1] Defendant does not concede, and specifically reserves the right to contest, all of Plaintiff's alleged factual assertions, legal contentions, and alleged damages.

13. Plaintiff is a citizen of Illinois. (Compl., ¶ 12).

14. Defendant is a Virginia corporation with its principal place of business in Georgia. Attached as **Exhibit B** is the Declaration of Celeste Helms ("Helms Decl."), ¶4. Therefore, Defendant is a citizen of Virginia and Georgia.

15. The parties are of diverse citizenship, as Plaintiff is a citizen of Illinois and Defendant is a citizen of Virginia and Georgia.

### *Amount in Controversy*

16. To support diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). A removing defendant can establish the amount in controversy "by calculation from the complaint's allegations." *See Brandt v. Brotherhood's Relief and Comp. Fund*, No. 07-2204, 2007 U.S. Dist. LEXIS 53783, at * 7 (N.D. Ill. July 24, 2007) (internal citations omitted). The defendant need only establish by a preponderance of the evidence that the plaintiff could stand to recover over $75,000 if she were to prevail, not that the plaintiff would in fact be awarded more than that amount. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

17. Where a plaintiff provides little information regarding the value of her claims, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id.* at 511; *see also Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). Once the defendant has satisfied this burden, the plaintiff may defeat federal jurisdiction "only if it appears to a legal *certainty* that the claim is really for less than the jurisdictional amount." *Id.* (emphasis added); *see also Spivey v. Vertrue, Inc.*, 528 F. 3d 982, 986 (7th Cir. 2008). The allegations in Plaintiff's Complaint establish that more than $75,000 is at controversy in this action.

18. Plaintiff alleges Defendant violated BIPA each time he scanned his handprint. (Compl., ¶¶ 25-26). Defendant could owe $5,000 in liquidated damages for "each violation" of BIPA. *See* 740 ILCS 14/20. Plaintiff alleges Defendant had at least four (4) violations of BIPA each time he scanned his handprint. (Id., ¶¶ 35-56). As such, one scan of his handprint raises $20,000 in amount in controversy. Plaintiff presumably clocked in and then out for work, raising it to $40,000 in amount in controversy. Furthermore, Plaintiff alleges these violations occurred multiple times, and even two days, clocking in and out for work, raises the amount in controversy to $80,0000. As such, Plaintiff's allegations exceed the amount in controversy. That Defendant denies the merit of all these claims and Plaintiff's right to relief thereon has no effect on the propriety of removal.

19. As a result of the diversity of citizenship and amount in controversy, diversity jurisdiction is satisfied and removal is proper.

### CAFA Jurisdiction

20. The Court also has original jurisdiction over this action under CAFA. *See* 28 U.S.C. § 1332(d).

21. In relevant part, CAFA grants district courts original jurisdiction over civil actions filed under federal or state law in which any member of a class of plaintiffs, which numbers at least 100, is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d).

22. CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

23. Defendant is not a state, state official, or other governmental entity, as required by 28 U.S.C. 1332(d)(5)(A). (**Exhibit B**, Helms Decl., ¶ 5)

24. The putative class consists of 100 or more individuals, as required by 28 U.S.C. § 1332(d)(5)(B). (Compl., ¶ 29).

25. Though Plaintiff's Complaint is silent as to the total amount of damages claimed, their pleadings and putative class plausibly place more than $5,000,000 in controversy. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006); *Blomberg v. Service Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011).

26. Plaintiff alleges Defendant violated BIPA for each scan of a handprint. (Compl., ¶¶ 25-26). Specifically, Plaintiff alleges Defendant had at least four (4) violations of BIPA for each handprint scan. (Id., ¶¶ 35-56). Defendant could owe $5,000 in liquidated damages for "each violation" of BIPA. *See* 740 ILCS 14/20. As such, one handprint scan raises $20,000 in amount in controversy. Plaintiff alleges Defendant violated BIPA with regard to "at least hundreds of individuals." (Compl., ¶ 29). As such, at $20,000, for even 100 individuals, the amount in controversy is $2,000,000. For "hundreds" of individuals, that amount doubles to $4,000,000.00. That amount doubles to $8,000,000.00 if we assume each individual scanned in and out of work at least once.

27. Therefore, while Defendant denies the validity and merit of all of Plaintiff's claims and denies his requests for relief thereon, the factual allegations in Plaintiff's Complaint put the total amount of damages at issue in this action in excess of $5,000,000, which exceeds this Court's jurisdictional minimum under CAFA.

28. As a result of the diversity of citizenship and amount in controversy, removal of this Action under CAFA is appropriate.

## Compliance With Procedural Requirements

29. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed within 30 days of Defendant's receipt of the Complaint.

30. Attached as **Exhibit C** is a true and correct copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served on Plaintiff German Mendoza and the Class, as required by 28 U.S.C. § 1446(d), through their counsel:

| | | |
|---|---|---|
| David Fish | Douglas M. Werman | Roberto Luis Costales |
| Mara Baltabols | WERMAN SALAS P.C. | William H. Beaumont |
| FISH POTTER BOLANOS PC | 77 W. Washington St. | BEAUMONT COSTALES LLC |
| 200 East Fifth Avenue | Suite 1402 | 107 W. Van Buren, Suite 209 |
| Suite 123 | Chicago, IL 60602 | Chicago, Illinois 60605 |
| Naperville, Illinois 60563 | dwerman@flsalaw.com | rlc@beaumontcostales.com |
| dfish@fishlawfirm.com | | whb@beaumontcostales.com |
| mara@fishlawfirm.com | | |
| docketing@fishlawfirm.com | | |

31. A true and correct copy of this Notice of Removal has been forwarded for filing in the Circuit Court of Cook County. Attached as **Exhibit D** is a copy of the Notice to State Court of Filing Notice of Removal, the original of which is being filed with the Clerk of the Circuit Court of Cook County as required by 28 U.S.C. § 1446(d).

32. Defendant files this Notice of Removal solely for the purpose of removing the instant Action and does not waive, and specifically reserves, any and all defenses.

WHEREFORE, having fulfilled all statutory requirements, Defendant Sage Software, Inc., hereby removes this Action from the Circuit Court of Cook County, County Department, Chancery Division to this Court and requests that the Court assume jurisdiction over the Action as provided by law and permit this Action to proceed before it as a matter properly removed thereto.

Dated: September 29, 2023

                                              By: */s/ David K. Haase*
                                                  One of Its Attorneys

David K. Haase, Bar #6201278
dhaase@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654
Telephone: 312.372.5520

Lillian T. Manning, Bar #6322842
lmanning@littler.com
LITTLER MENDELSON, P.C.
600 Washington Street, Suite 900
St. Louis, MO 63101

Telephone: 314.659.2001

## **CERTIFICATE OF SERVICE**

I, David K. Haase, an attorney, hereby certify that on September 29, 2021, I caused a copy of the foregoing *Notice Of Removal* to be filed with the Clerk of the Court, and to further send via email on:

| | | |
|---|---|---|
| David Fish<br>Mara Baltabols<br>FISH POTTER BOLANOS PC<br>200 East Fifth Avenue, Suite 123<br>Naperville, Illinois 60563<br>dfish@fishlawfirm.com<br>mara@fishlawfirm.com<br>docketing@fishlawfirm.com | Douglas M. Werman<br>WERMAN SALAS P.C.<br>77 W. Washington St.<br>Suite 1402<br>Chicago, IL 60602<br>dwerman@flsalaw.com | Roberto Luis Costales<br>William H. Beaumont<br>BEAUMONT COSTALES LLC<br>107 W. Van Buren, Suite 209<br>Chicago, Illinois 60605<br>rlc@beaumontcostales.com<br>whb@beaumontcostales.com |

*/s/ David K. Haase*
David K. Haase

4885-1037-6578.3 / 053078-1039